UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DUKE THOMAS NGUYEN** | **CIVIL ACTION NO. 5:15-cv-0627** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **JULIAN C. WHITTINGTON** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Duke Thomas Nguyen, a pre-trial detainee at the Bossier Parish Maximum Security (BPMS) corrections facility, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 16, 2015.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Petitioner is a pre-trial detainee. Utilizing the form provided to prisoners in this District who seek *habeas corpus* relief pursuant to 28 U.S.C. §2241, petitioner filed the instant petition on March 16, 2015.  Petitioner generally complains about conditions of confinement at the BPMS and specifically argues claims of denial of access to an adequate law library, denial of religious freedom, supervision of inmates on the kitchen staff by fellow inmates, lack of compensation for inmates performing labor in the prison, and, inadequate meals. Petitioner prays for an order directing the Sheriff – (1) to provide an adequate prison law library; (2) to provide

religious services for all faiths; (3) to eliminate the practice of permitting inmates to supervise other inmates; (4) to provide monetary compensation for inmates performing prison labor; and, (5) to serve adequate meals. He does not contend that he is in custody in violation of the Constitution and laws of the United States; nor does he pray for his immediate or speedier release from custody.

## *Law and Analysis*

As noted above, petitioner attacks the conditions of confinement at BPMS. In general, a civil rights suit filed pursuant to 42 U.S.C. §1983 "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Cook v. Texas Dep't. of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997).

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release" then the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (*per curiam*), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996). It is clear that petitioner has asserted a series of civil rights claims in this petition. These civil rights claims do not implicate the legality or overall length of his confinement but instead challenge only the conditions of his confinement. Thus, in regard to those claims, petitioner has failed to state a claim for which habeas corpus relief can be granted and this matter should be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as the petitioner has failed to state a claim for which *habeas corpus* relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, April 13, 2015.

                                              **KAREN L. HAYES**
                                              **UNITED STATES MAGISTRATE JUDGE**